# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN E. PIMENTEL, *et al.*,

    Plaintiffs,

v.

COUNTRYWIDE HOME LOANS, INC., *et al.*,

    Defendants.

Case No. 2:10-CV-02125-KJD-LRL

**ORDER**

    Currently before the court is Plaintiffs' Motion for Preliminary Injuction (#8), Defendant Bank of America, N.A.'s Response (#12) and Plaintiffs' Reply (#13). The Court has considered the arguments presented therein.

I.  Background

    The subject property is located at 567 Dairy Creek Avenue, Las Vegas, Nevada. In June, 2003 Plaintiff John E. Pimentel obtained a mortgage from Countrywide Home Loans, Inc. for the purchase of this property. The deed of trust assigned Mortgage Electronic Registration Systems ("MERS") as nominee and named Countrywide as the beneficiary. In October, 2007 Plaintiff John E. Pimentel conveyed his interest in the property to himself and John G and Tina Pimentel who are co-plaintiffs in this action.

In May, 2009 MERS substituted Recontrust as the new trustee. On June 8, 2010 MERS assigned all beneficial interest under the deed of trust to BAC Home Loans Servicing, LP. On June 11, 2010 Recontrust recorded a Notice of Default. As of the time of briefing, a sale was scheduled for February 7, 2011.

II.  Legal Standard for Preliminary Injunction

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted). A preliminary injunction is appropriate where a plaintiff demonstrates "either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in [his] favor." Clear Channel Outdoor Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir.2003) (quoting Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir. 1999)).

A district court must also consider whether the public interest favors issuance of the injunction. See Fund for Animals, Inc. v. Lujan, 962 F.2d 1391, 1400 (9th Cir. 1992); see also, Chisom v. Roemer, 853 F.2d 1186, 1189 (5th Cir.1988). This alternative test for injunctive relief has also been formulated as follows: a plaintiff is required to establish "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir.1995) (internal quotation marks omitted). This analysis creates a continuum: the less certain a district court is of the likelihood of success on the merits, the more plaintiffs must convince the district court that the public interest and balance of hardships tip in their favor. See Fund for Animals, Inc., 962 F.2d at 1400. More specifically, the Ninth Circuit has described the relationship between success on the merits and irreparable harm as "a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204

F.3d 867, 874 (9th Cir. 2000). To reach this sliding scale analysis, however, a moving party must, at an "irreducible minimum," demonstrate some chance of success on the merits. <u>Arcamuzi v. Cont'l Air Lines, Inc.</u>, 819 F.2d 935, 937 (9th Cir. 1987).

<u>II. Analysis</u>

      <u>A. Wrongful Foreclosure</u>

Nevada recognizes the tort of wrongful foreclosure only where a homeowner alleges a lender wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner was not in default on the mortgage loan. See <u>Collins v. Union Federal Sav. & Loan Ass'n</u>, 99 Nev. 284, 662 P.2d 610, 623 (Nev.1983) (reversing summary judgment where there was a dispute of fact about whether nonpayment was appropriate).

Plaintiffs, citing <u>Collins</u>, claim that their failure to pay on the mortgage does not constitute a default because the Defendants have not proved that they own both the promissary note and the deed of trust. Plaintiffs cite no authority holding that a mortgagor may stop paying his mortgage under the facts presented here. Plaintiffs' reliance on <u>Collins</u> as a purported excuse to stop paying their mortgage is misplaced since that case is factually and procedurally different. Plaintiffs have not shown a strong likelihood of prevailing on a theory of wrongful foreclosure since it is almost certain that they are in default.

      <u>B. Flaws in the Foreclosure Process</u>

Plaintiffs assert that none of the Defendants can properly foreclose on the property. Specifically, Plaintiffs argue that MERS lacked authority to appoint Recontrust as trustee, that MERS lacked authority to assign the note to BAC Home Loans, that the assignment of the note split the obligation to pay from the security interest, and that nonjudicial foreclosure is wrongful unless the original note is produced. Similar arguments have not fared well before other courts in this District and do not demonstrate the strong likelihood of success on the merits required to issue an injunction. See e,g. <u>Gomez v. Countrywide Bank, FSB.</u>, 2009 WL 3617650 (D. Nev. 2009) (dismissing similar claim where there was no indication that a competing holder of the note

3

challenged the foreclosure since such evidence is easily obtainable and judicially noticeable); <u>Weingartner v. Chase Home Fin., LLC</u>, 702 F. Supp. 2d 1276, 1282 (D. Nev. 2010) (where foreclosure occurred, defendants could easily defeat claim of wrongful foreclosure by providing evidence that owner of debt does not object to foreclosure); <u>Kwok v. Recontrust Company, N.A.</u>, 2010 WL 3894183, (D. Nev. 2010) (denying motion for temporary restraining order and holding "the ever-expanding body of case law within this district holds that the Nevada law governing nonjudicial foreclosure, NRS § 107.080, does not require a lender to produce the original note as a prerequisite to nonjudicial foreclosure proceedings.")

III.  Conclusion

      Plaintiffs have failed to demonstrate either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and that the balance of hardship tips in their favor.  Under these circumstances preliminary injunction is not warranted. <u>Prudential</u>, 204 F.3d at 874.

      Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for A Preliminary Injunction (#8) is **DENIED**.

      DATED this 1st day of July 2011.

_____
Kent J. Dawson
United States District Judge